UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY E. BOWEN                                              CIVIL ACTION

VERSUS                                                     NO. 07-9831

STATE FARM FIRE AND                                        SECTION: "C"(1)
CASUALTY COMPANY

## ORDER

This matter is before the Court on the issue of its subject matter jurisdiction in this removed action. The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal. Rec. Doc. 4. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id*. This showing may be made by either:

(1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id*.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 287, fn. 10 (1938)(citing, *McNutt v. General Motors Corp*., 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board,* 681 F.2d 1039 (5th Cir. 1982), *cert. denied,* 459 U.S. 1107 (1983).

Plaintiff is a Louisiana homeowner whose property allegedly incurred wind damage as a result of Hurricane Katrina.  Plaintiff's home, which is located in New Orleans,  Louisiana, was insured under a homeowner's policy issued by State Farm Fire and Casualty Company ("State Farm").  To illustrate the amount in controversy, State Farm points to the plaintiff's policy limits of $161,910 for Dwelling, $16,191 for dwelling extension, $121,433 for personal property, and actual loss sustained for loss of use.  Rec. Doc. 5.  State Farm has made payments to plaintiff under the policy totaling $35,108.79, leaving $264,425.21 under the policy.  Plaintiff has received no payments under a flood policy.  Although she invokes the Louisiana Valued Policy Law in her petition, plaintiff does not allege the property was a total loss.  Rec. Doc. 1-2.  In addition, plaintiff, in her memorandum in response to the Court's order, states that no rational review of the case, including all documents supporting the claim and submitted to State Farm, would support the existence of $75,000 in controversy, and that plaintiff should have never demanded the policy limits under her policy.  Rec. Doc. 13.  She also attaches a proposed stipulation that she will not seek to enforce a judgment of $75,000 or more.  Rec. Doc. 13-2.

The Court has consistently recognized that even if a stipulation may not be "binding" for purposes of LA.CIV.CODE.P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc.*, 2003 WL 22533617 (E.D.La.) (Vance, J.), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes.

The Court finds that the defendant has not established that it is facially apparent that the claims are likely above the jurisdictional minimum or set forth facts in controversy that support a finding of the jurisdictional minimum. It is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. *See Hartford Insurance Group v. Lou-Con Inc.,* 293 F.3d 908, 911-912 (5th Cir. 2002). The Court is mindful that removal is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941); *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller, & E. Cooper, 14B *Federal Practice & Procedure: Civil* § 3739. Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 8th day of August, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE